## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

 v.

· Thomas R. Fioramanti

December 30, 1994

Case No. (Criminal) 9343

BY JUDGE THOMAS D. HORNE

This matter is before the Court on appeal from the General District Court. On August 2, 1994, Thomas Fioramanti was charged by an officer with the Metropolitan Washington Airport Authority with "Disobey Hwy Sign Airport Passengers and Business Only — § 422.01, § 46.2-830." It is alleged that the Defendant violated authority regulations and state law by disobeying a sign on the Dulles Access Road which restricts use of the road to "Airport Passengers and Business." Section 46.2-830 directs that "[a]ll drivers of vehicles shall obey lawfully erected signs."

The Defendant filed his appeal in this Court on September 29, 1994. This case was tried and argued on December 9, 1994. The Defendant suggests that the Commonwealth has failed to prove its case beyond a reasonable doubt on two grounds. First, he contends that he was on airport business. He also claims that the sign which he allegedly disobeyed was not lawfully erected.

For the reasons stated hereinafter, the Court will find for the Defendant and dismiss the charge.

The Defendant stated that he used the restricted highway to get to the post office at the airport to mail a letter. This evidence is not controverted by the Commonwealth. The Court is of the opinion that the mailing of the letter was, under the circumstances of this case, legitimate "airport business." Mr. Fioramanti should not be denied access to the mailbox of his choosing as long as his use of the facility is legitimate. There is no evidence that his transaction on August 2, 1994, was not legitimate.

The Defendant testified that the sign restricting use of the access road is a green sign with white lettering. There being no evidence to the contrary, the Court finds as a matter of fact that the sign was green. The Defendant stated that it was his understanding that green signs indicate information, not regulation, and that regulatory signs are supposed to be white.

Section 46.2-830 of the Code of Virginia states that "[t]he Commonwealth Transportation Board may classify, designate, and mark state highways and provide a uniform system of marking and signing such highways under the jurisdiction of the Commonwealth. Such system of signing and marking shall correlate with and, so far as possible, conform to the system adopted in other states." The Commonwealth Transportation Board has adopted the United States Department of Transportation's Manual on Uniform Traffic Control Devices for Streets and Highways as the standard for traffic marking and signing in Virginia.

Section 2A-11 of the Manual, entitled "Sign Colors," states "[t]he colors to be used on standard signs shall be as follows":

> White is used as the background for route markers, guide signs, the Fallout Shelter Directional sign, *and regulatory signs*, except stop signs, and for the legend on brown, green, blue, black, and red signs . . . .
>
> Green is used as a background color for *guide signs* (other than those using brown or white), mileposts, a legend color with a white background for permissive parking regulations, and the circular outline permissive symbol. [Emphasis added.]

The 1994-95 Virginia Driver's Manual, published by the Virginia Department of Motor Vehicles for use by the driving public and based on the Motor Vehicle Code of Virginia, 1950, as amended, reiterates this information. In Section 3, entitled "Signals, Signs, and Markings," under the category "Sign Colors," the manual states that "[t]he color of a roadway sign can tell you at first glance what kind of information it has to offer." It continues, relating that white signs contain information that is "regulatory, such as speed limits," and that green signs mean "guide information, such as distance or direction."

Traffic signs and devices communicate the actions and inactions which are criminally sanctionable under § 46.2-830. The Commonwealth has employed uniform standards, as explained above, not only for color, but also for the shape, size, and placement of traffic devices, essentially creating a language through signs. The reason for this is to aid drivers in

following traffic regulations. When a driver sees a triangle-shaped sign, he knows he must yield. When a driver sees an orange sign, he knows construction is ahead. Similarly, when he sees a green sign, he expects that sign to contain guiding information, such as distances and directions. If he is not looking for such information, he will likely ignore a green sign.

In the instant case, the message that the Authority intended to convey was that it was a violation of airport regulations to proceed beyond the sign on other than the permitted activities. Thus, it was a regulatory and not informational sign. The sign, if white, would convey a clear and inarguable command that the road is restricted to airport business and passengers. As the sign was not erected in conformity with the requirements of the uniform system of marking applicable to such signs, it may not serve as the basis for a conviction under § 46.2-830, Code of Virginia.

Accordingly, the Defendant is found not guilty, and the charge is dismissed.